**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

August 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **JAMES R. JACKSON,** | ) |
| | ) |
| Appellant, | ) **C.C.A. NO. 01C01-9609-CR-00387** |
| | ) |
| VS. | ) **DAVIDSON COUNTY** |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) |
| Appellee. | ) |

### O R D E R

This matter is before the Court upon counsel's Motion to Withdraw, which was filed on August 24, 1998. We note that the motion is not accompanied by an affidavit or a proposed order. See T.R.A.P. 22(a) and Rule 7, Tennessee Court of Criminal Appeals Rules. In the motion, counsel requests that this Court vacate and reinstate our opinion so that the appellant will have an opportunity to file an application for permission to appeal to the Supreme Court pursuant to T.R.A.P. 11. Although failing to cite to the correct rules, counsel requests that he be allowed to withdraw from further representation of the appellant.

On June 17, 1998, this Court affirmed the judgment of the trial court. Thereafter, the appellant filed a pro se letter on August 7, 1998, requesting information regarding the status of this appeal. On August 17, 1998, the day on which an application for permission to appeal to the Supreme Court was due, the appellant filed a pro se Motion to Dismiss Attorney of Record for Failure to Perform His Duties and Referral to Disciplinary Board.

Rule 12, Tennessee Court of Criminal Appeals Rules, provides that "[c]ounsel who files a notice of appeal is responsible for representing the defendant on appeal and he shall be allowed to withdraw as counsel of record only for good cause shown and if application is made to this court when such counsel is not delinquent in his duties." This Court has the discretion to suspend the requirements of our court rules for good cause shown. See Rule 2, Tennessee Court of Criminal Appeals Rules.

In reviewing the procedural status of this case, the appellant's pro se pleadings, and counsel's motion to withdraw, it appears that counsel is delinquent in his duties to the appellant and to this Court. Regardless, we find that it is in the interest of justice to suspend Rule 12 and allow counsel to withdraw. We further find that our opinion, released on June 17, 1998, should be vacated and reissued so the appellant may have an opportunity to file an application for permission to appeal to the Supreme Court.

IT IS, THEREFORE, ORDERED that this Court's opinion, released on June 17, 1998, shall be vacated and reissued as of the date of this order. It is further ordered that William C. Roberts, Jr., counsel for the appellant, is allowed to withdraw. The Clerk of this Court shall provide notice to the appellant regarding his right to file an application for permission to appeal to the Supreme Court. Pursuant to T.R.A.P. 25(c), the Clerk of this Court shall make the record available to the appellant through the warden at his place of incarceration. Thereafter, the entire record shall be returned to the Clerk of this Court.

IT IS FURTHER ORDERED that a copy of this order be sent to the Tennessee Board of Professional Responsibility.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE